UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT EUGENE BONSER, | : | CIVIL NO: 3:13-CV-01832 |
| Petitioner | : | |
| | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| DISTRICT ATTORNEY OF | : | |
| MONROE COUNTY, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The petitioner, Robert Eugene Bonser, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 conviction from the Monroe County Court of Common Pleas. Because at the time he filed his habeas petition Bonser was no longer in custody on the Monroe County conviction, this court lacks habeas corpus jurisdiction. Thus, we recommend that the petition be dismissed.

## II. Background and Procedural History.

In 2006, Bonser was convicted of unlawful contact with a minor. *See Docket Sheet* in *Commonwealth v. Bonser,* CP-45-CR-0000353-2005 (C.C.P. Monroe Cty). On May 30, 2006, Judge Zulick of the Court of Common Pleas of Monroe County sentenced Bonser to a term of incarceration of not less than 294 days and not more than two years less one day. *Id.*  Because, by the time of sentencing, Bonser had

already served his minimum sentence, Judge Zulick immediately paroled him. *Id.* Judge Zulick also determined that Bonser was a sexually violent predator and ordered him to comply with the registration requirements of Pennsylvania's Megan's Law. *Id.*[1]

In October of 2006, Judge Zulick revoked Bonser's parole and remanded him to jail for the balance of his sentence. *Id.* Bonser "was released from jail on August 8, 2007, when he completed his maximum term." Doc. 21-1 at 22 (*Notice of Proposed Dismissal Pursuant to Pa.R.Crim.P. 907* in *Commonwealth v. Bonser,* 353 Criminal 2005, slip op. at 1 (C.C.P. Monroe Cty)).

Bonser did not file a direct appeal of his sentence. *Id.* But after he had already completed his sentence, he filed three Post Conviction Relief Act (PCRA) petitions, which Judge Zulich dismissed. *See Docket Sheet* in *Commonwealth v. Bonser,* CP-45-CR-0000353-2005 (C.C.P. Monroe Cty). The Pennsylvania Superior Court affirmed the dismissal of Bonser's PCRA petitions. *Commonwealth v Bonser,* 83 A.3d 1068 (Pa.Super.Ct. 2013)(Table).

---

[1] At the time Bonser was determined to be a sexually violent predator, the registration requirement was codified at 42 Pa.C.S.A. §9795.1 as part of Pennsylvania's Megan Law. That provision expired on December 20, 2012, and the registration requirements are now found in 42 Pa.C.S.A. §§ 9799.10–.40.

In 2013, Bonser was convicted in the Pike County Court of Common Pleas for failure to comply with the registration requirements for a sexual offender, and he was sentenced to three to six years in prison. *See Docket Sheet* in *Commonwealth v. Bonser,* CP-52-CR-0000500-2011 (C.C.P. Pike Cty). He is currently serving that sentence.

In July of 2013, Bonser, proceeding *pro se*, filed the habeas corpus petition in this case. The respondent filed a response to the petition arguing that because Bonser is no longer in custody under the conviction that he is challenging, the Court should deny or dismiss his petition with prejudice. Bonser subsequently filed a reply.

Noting that it was not entirely clear whether Bonser is challenging his 2006 Monroe County conviction or his 2013 Pike County conviction, we appointed counsel to represent Bonser and to file a brief addressing whether Bonser is in custody on the conviction he is challenging as required for this Court to have habeas corpus jurisdiction. We ordered that the respondent may filed a responsive brief within 14 days of being served with Bonser's brief. In April of 2014, Bonser, through his counsel, filed a brief. The respondent has not filed a responsive brief. Thus, the matter is ripe for disposition.

**III. Discussion.**

Bonser is challenging his 2006 conviction and sentence from Monroe County. Because he is no longer in custody under that conviction, the Court lacks jurisdiction over his habeas petition.

28 U.S.C. § 2254 "confers jurisdiction on United States district courts to entertain petitions for habeas corpus relief only from persons who are 'in custody' in violation of the Constitution or laws or treaties of the United States." *Young v. Vaughn*, 83 F.3d 72, 73 (3d Cir. 1996). "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The United States Supreme Court has interpreted the "in custody" language of § 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

A habeas petitioner is "in custody" whenever a restraint on his liberty is either actual or imminent. *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 161 (3d Cir. 1997). The "in custody" requirement has been broadened so that it is no longer limited to incarceration. *Id.* at 160. *See also Justices of the Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 301 (1984)(pretrial release on personal recognizance

constitutes custody); *Hensley v. Municipal Court*, 411 U.S. 345, 349-51 (1973)(release on personal recognizance pending execution of sentence constitutes custody); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963)(parole constitutes custody); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988)(probation constitutes custody). The Court has "never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng,* 490 U.S. at 491 (emphasis in original). The custody "requirement 'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" *Barry,* 128 F.3d at 159 (quoting *Hensley,* 411 U.S. at 351). Although collateral consequences of a conviction may prevent a case from becoming moot if the petitioner is released from custody after he filed his petition, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492.

At the time he filed his habeas petition, Bonser was not in custody under the 2006 Monroe County conviction, which is the conviction he is challenging in this case. He completed his sentence for that conviction in August of 2007. While he was subject to the registration requirements of Megan's Law as a result of that

conviction, such requirements are merely a collateral consequence of his conviction. And such registration requirements do not qualify as custody. *See Wilson v. Flaherty,* 689 F.3d 332, 337 (4th Cir. 2012)(stating that "every court of appeals to have considered whether the registration requirements imposed on sex offenders place the sex offender in custody for purposes of habeas jurisdiction has concluded that they do not"); *Williams v. Dist. Attorney Of Allegheny Cnty.*, CIV.A.10-353, 2010 WL 4388073, at *7 (W.D. Pa. Oct. 29, 2010)(rejecting argument that, because petitioner is subject to lifetime reporting requirements for sexual offenders under Pennsylvania's Registration of Sexual Offender's Act, he satisfies the "in custody" requirement of § 2254, and noting that "[t]his argument has been universally rejected by every court that has considered it."); *Moore v. New Jersey*, CIV.A. 11-3150 PGS, 2012 WL 1574370, at *3 (D.N.J. May 3, 2012)("Although the Third Circuit has not decided the issue, circuit 'courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas.'")(quoting *Virsnieks v. Smith,* 521 F.3d 707, 718 (7th Cir. 2008)).

 Bonser acknowledges that courts have consistently held that such registration requirements alone do not satisfy the "in custody" requirement. *Doc. 26* at 5.  He further acknowledges that "[s]ome courts have noted that although a registration

6

requirement cannot properly be challenged in a habeas corpus proceeding, such a challenge may be made through a civil rights action pursuant to 42 U.S.C.§ 1983." *Id.* (citing cases). And Bonser asserts that if he was at liberty and his claim only involved the registration requirement, habeas corpus jurisdiction would not be proper. *Id.* at 6. But he contends that because he is currently serving his Pike County sentence for failing to register, he is "in custody" under the Monroe County conviction. We disagree.

Relying on *Zichko v. Idaho*, 247 F.3d 1015 (9th Cir. 2001), Bonser argues that because his 2006 Monroe County conviction is a necessary predicate to his 2013 Pike County conviction, which he is still serving, he is "in custody" under the Monroe County conviction. In *Zichko*, the Ninth Circuit held that "a habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' to the failure to register charge." *Id.* at 1019 (quoting *Brock v. Weston,* 31 F.3d 887, 890 (9th Cir. 1994)). The court reasoned:

> Several times, we have held that merely being subject to a sex offender registry requirement does not satisfy the "in custody" requirement after the original rape conviction has expired. *See, e.g., McNab v. Kok,* 170 F.3d 1246 (9th Cir.1999); *Williamson v. Gregoire,* 151 F.3d 1180 (9th Cir.1998). In none of our previous cases, however, was the petitioner actually

7

> incarcerated for failing to register. In contrast, in this case of first impression, Zichko was incarcerated at all relevant times.
>
> "It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition [ ] . . . he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." *Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir. 1985). Zichko was subject to Idaho's registration requirement only because of his initial rape conviction. We now hold that a habeas petitioner is "in custody" for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction "is a necessary predicate" to the failure to register charge. *Brock,* 31 F.3d at 890 (holding that the habeas petitioner could challenge an earlier, expired conviction while involuntarily committed for treatment as a violent sexual predator). The Supreme Court's recent decision in *Lackawanna County Dist. Atty. v. Coss,* 121 S.Ct. 1567 (2001), is not to the contrary. There, the Supreme Court held that "if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through" a habeas petition related to his current conviction. *Id.* at 1573; *see also Daniels v. United States,* 121 S.Ct. 1578, 1583 (2001) (same). But before reaching that holding, the Court also held that the petitioner was "in custody" for jurisdictional purposes because he alleged that the earlier, unconstitutional conviction had enhanced his later sentence. *Lackawanna County,* 121 S.Ct. at 1573. Similarly, here, Zichko's current conviction for failing to register is allegedly the product of an unconstitutional prior conviction. The district court, therefore, had jurisdiction over Zichko's claim.

*Id.* at 1019-20. Although the Ninth Circuit held the Zichko met the "in-custody" requirement, it also held that he had procedurally defaulted his claim. *Id.* at 1020.

8

The basis of the holding of *Zichko* is not entirely clear. To the extent that *Zichko* is construed to hold that a petitioner challenging a conviction for failure to register is "in custody" under that conviction and may, as a part of a habeas challenge to that failure-to-register conviction, also challenge an earlier expired conviction that led to the registration requirement, Bonser's case is distinguishable. As stated, given that Bonser was proceeding *pro se* when he filed his petition, we appointed counsel to represent him. In doing so, we noted that it was not entirely clear whether Bonser was challenging his Monroe County conviction or his Pike County conviction, and the determination of which conviction he is challenging bears on whether he was "in custody" as required by § 2254. Counsel for Bonser subsequently filed a brief specifically asserting that Bonser is not challenging his Pike County conviction.[2] It is now clear that Bonser is not challenging his Pike County conviction for violating the registration requirements; Rather, he is

---

2 Counsel clearly disclaims that Bonser is attempting to challenge his Pike County conviction:

> Although Bonser's *pro se* petition also references his Pike County conviction, none of his grounds or supporting arguments are directed toward the Pike County conviction. Bonser has advised counsel that his intention in this action is to challenge only his Monroe County conviction. Bonser was advised that should he seek federal habeas relief from his Pike County conviction, a separate habeas action challenging that conviction would be appropriate after all state court remedies are exhausted.

*Doc.* 26 at 2, n.1.

specifically challenging the Monroe County conviction, and he requests that the court overturn his sentence and plea deal in Monroe County. *Doc. 1*. *Zichko* is distinguishable from this case, in which Bonser has explicitly stated that he is not challenging his conviction for failure to register.

It appears, however, that Bonser construes *Zichko* to more broadly hold that a petitioner who is later convicted for failure to register is "in custody" under an earlier, expired conviction that led to the registration requirement. To the extent that *Zichko* is so construed, we conclude that it runs is contrary to the reasoning of *Maleng v. Cook,* 490 U.S. 488 (1989).

In *Maleng,* 490 U.S. 488 (1989), the Supreme Court addressed whether a prisoner was "in custody" on a conviction which had expired by the time he filed his habeas corpus petition when he was subject to a later sentence that was enhanced because of the earlier, expired conviction. The Court concluded that the prisoner was not "in custody" on the expired conviction. *Id.* at 490. Noting that it had "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," *id.* at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)), the Court determined that the Ninth Circuit had stretched the "in custody" language too far by holding that a habeas petitioner may be "in custody" under a conviction which

sentence has fully expired simply because the expired conviction was used to enhance the sentence for a current or future conviction. *Id.* at 491. The Court further noted that it had never held "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* (emphasis in original). It found that its decision in *Carafas* implied the contrary:

> In *Carafas,* the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction—his inability to vote, engage in certain businesses, hold public office, or serve as a juror—prevented the case from being moot. *Id.,* 391 U.S., at 237-238, 88 S.Ct., at 1559. We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. *Id.,* at 238, 88 S.Ct., at 1559-1560. While we ultimately found that requirement satisfied as well, we rested that holding *not* on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. *Ibid.* The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

*Id.* at 491-92. The Court held that a habeas petitioner does not remain "in custody" under a conviction after the sentence for that conviction has fully expired "merely

11

because of the possibility that the prior conviction will be used to enhance the sentence imposed for any subsequent crimes of which he is convicted." *Id.* at 492. The Court reasoned that doing so would "read the 'in custody' requirement out of the [habeas] statute." *Id.* Further, the Court held that a habeas petitioner is not "in custody" under an expired conviction even when that expired conviction is actually used to enhance another sentence:

> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Id.* at 492-93.

While the Court in *Maleng* concluded that the prisoner was not "in custody" under the expired conviction, it nevertheless concluded that he was "in custody" under the later conviction, which was enhanced by the earlier, expired conviction, and that it was that later conviction that the prisoner in that case was challenging in his habeas petition. *Id.* at 493. The Court expressed no view on the extent to which the earlier, expired conviction may be subject to challenge in connection with the attack on the later, enhanced conviction. *Id.* at 494.³

---

3 Later, in *Lackawanna County District Attorney v. Coss,* 532 U.S. 394 (2001), the Supreme Court held that as a general rule a defendant may not challenge by way of a

In *Davis v. Nassau Cnty.*, 524 F. Supp. 2d 182, 189-90 (E.D.N.Y. 2007), the court rejected the suggestion in *Zichko* that *Maleng* does not apply where the expired conviction is a necessary predicate for a subsequent conviction rather than simply used to enhance a subsequent conviction:

> The Supreme Court's analysis in *Maleng* was not contingent upon the type of collateral impact—whether it may [be] a sentencing enhancement or an element of another offense. Instead, the clear focus of the rule enunciated in both *Maleng* and *Carafas* is that the challenged conviction had fully expired at the time the petition was filed. Once that occurs, the "in custody" requirement cannot be satisfied regardless of the precise nature of the collateral consequence of the conviction.
>
> Thus, once the conviction has fully expired, the "in custody" requirement cannot be met simply by becoming re-incarcerated for violating some collateral consequence of a

---

28 U.S.C. § 2254 habeas petition a fully-served state conviction used to enhance a state sentence. In *Coss,* the Supreme Court construed the habeas petition in that case as challenging the enhanced sentence, and as such it determined that the petitioner was "in custody" under the sentence he was challenging. *Id.* at 401-02. Although the Court held that Coss met the "in custody" requirement, it nevertheless held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403. The decision in *Coss* was based on considerations relating to the need for finality and ease of administration. *Id.* at 402-03. The Supreme Court in *Coss* recognized an exception to that general rule for cases where a conviction that was used to enhance the subsequent sentence was obtained in violation of the right to counsel as set forth in *Gideon v. Wainwright,* 372 U.S. 335 (1963). *Id.* at 404. A plurality in *Coss* also suggested an exception to the general rule in a situation where "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." *Id.* at 406.

> conviction, such as failure to register as a sex offender or by possessing a firearm as a convicted felon. When such a re-incarceration occurs as a result of failing to register, the resulting sentence is not a continuation of the sex offense sentence because that sentence has expired, but rather is pursuant to an entirely separate conviction for failure to register. Here, the collateral nature of the incarceration in Oklahoma is highlighted by the fact that it resulted from conduct that occurred in another state, was the subject of a separate court proceeding before a court in a different state under the law of that jurisdiction, and occurred almost a decade after petitioner's conviction in New York.
> 
> To hold otherwise would be contrary to *Maleng* and open the door for habeas petitions challenging convictions that were decades old. In other words, if the "in custody" requirement were met under these circumstances, then any time an individual suffered some collateral penalty due to his status as a sex offender or convicted felon, he could resurrect a habeas challenge to the underlying predicate conviction. . . .
> 
> Finally, unlike the situation in *Maleng,* this Court cannot avoid the application of the "in custody" requirement by construing petitioner's claim to really be an attack on the unexpired conviction (as enhanced by the prior expired conviction). Here, it is abundantly clear that petitioner is only seeking to overturn his underlying sex offense conviction, rather than any conviction that has resulted in Oklahoma for failing to register.

*Id.* at 189-91 (footnote and citation omitted).

To the extent that *Zichko* is construed to hold that a petitioner who is later convicted for failure to register is "in custody" under the earlier, expired conviction that led to the registration requirement, we agree with the *Davis* court that *Zichko* is not consistent with *Maleng*.

14

In sum, Bonser is not "in custody" pursuant to the 2006 Monroe County conviction that he is challenging. Therefore, the court lacks jurisdiction to entertain his petition for a writ of habeas corpus.

## IV. Recommendations.

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed for lack of jurisdiction.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22nd day of October, 2014.

                                                                                            *S/Susan E. Schwab*
                                                                                            Susan E. Schwab
                                                                                            United States Magistrate Judge