UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____
ROBERT EUGENE BONSER,          :
                 Petitioner,   :
                               :        CIVIL NO. 3:13-CV-1832
        v.                     :
                               :        (Judge Kosik)
DISTRICT ATTORNEY              :
OF MONROE COUNTY,              :
                 Respondent.   :
_____

### **MEMORANDUM**

Before the court are Petitioner's Objections (Doc. 28) to the Report and Recommendation of Magistrate Judge Susan E. Schwab filed on October 22, 2014 (Doc. 27), recommending that the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction.  For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

BACKGROUND

Petitioner, Robert Eugene Bonser, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1), on July 3, 2013.  In his Petition, Petitioner is challenging a 2006 conviction of Unlawful Contact with a Minor based on a plea of no contest to that charge in the Court of Common Pleas of Monroe County.  On May 30, 2006, Petitioner was sentenced to a term of imprisonment in the Monroe County Correctional Facility for a period of not less than 294 days with a maximum not to exceed two years.  Petitioner was also found to be a sexually violent predator and was required to register as a sex offender for the rest of his life.  Petitioner's Monroe County sentence fully expired in August of 2007, when he completed his maximum term.  In 2013, Petitioner was convicted of failing to register as a sex offender in the Pike County Court of Common Pleas and was sentenced to a term of imprisonment of three to six years.

On July 3, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, challenging his Monroe County conviction.  In the Response to the Petition (Doc. 16), Respondent argued that because Petitioner was no longer in custody under the conviction which he is challenging, the Petition should be dismissed for lack of jurisdiction.  On October 15, 2013, Petitioner filed a Traverse (Doc. 20).

On March 14, 2014, the Magistrate Judge appointed the Federal Public Defender's Office to represent Petitioner (Doc. 23).  A Brief in Opposition to the Motion to Dismiss was filed on behalf of Petitioner by the Federal Public Defender's Office on April 2, 2014 (Doc. 26).

On October 22, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 27), recommending that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be dismissed for lack of jurisdiction.  On November 6, 2014, Petitioner filed Objections to the Report and Recommendation and a Brief in Support thereof (Docs. 28 and 29).

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

As the Magistrate Judge points out in the Report and Recommendation,

-2-

Petitioner acknowledges that he is challenging his 2006 conviction and sentence from Monroe County.  Petitioner further acknowledges that he is no longer in custody under that conviction.  Thus, in light of the fact that the Petitioner's conviction in Monroe County has fully expired, the issue before the court is whether petitioner is still "in custody" on the Monroe County conviction for purposes of habeas corpus review, because of the requirement that he must register as a sex offender for the rest of his life and because of his conviction and incarceration in Pike County for his failure to register.

In addressing this issue, the Magistrate Judge initially found that merely because Petitioner was subject to the registration requirements of Megan's Law as a result of his 2006 Monroe County conviction, such registration requirements are merely collateral consequences of this conviction and do not qualify as "in custody" for purposes of §2254 habeas corpus relief.  Petitioner does not dispute that courts addressing this issue have consistently held that such registration requirements alone do not satisfy the "in custody" requirement.  However, as the Magistrate Judge points out, Petitioner argues that because he is currently serving his Pike County sentence for failing to register under the Monroe County sentence, he should be considered "in custody" under the Monroe County conviction.  Petitioner relies on Zichko v. Idaho, 247 F.3d 1015 (9th Cir. 2001).

In addressing the "in custody" issue, the Magistrate Judge distinguishes Zichko, wherein the Ninth Circuit Court of Appeals found that a Petitioner is "in custody" in a habeas corpus proceeding, even after an earlier rape conviction has expired, when he is incarcerated for failing to comply with a state sex offender registration law, because the earlier rape conviction is a necessary predicate to the failure to register charge.  The Magistrate Judge also found that Zichko was contrary to the Supreme Court's decision in Maleng v. Cook, 490 U.S. 488 (1989), which held that a prisoner was not "in custody" on a conviction which had expired by the time he

filed his habeas corpus petition, when he was subject to a later sentence that was enhanced because of the earlier, expired sentence.  Finally, the Magistrate Judge relied on <u>Davis v. Nassau Cnty.</u>, 524 F.Supp.2d 182, 189-90 (E.D.N.Y. 2007), which rejected the holding in <u>Zichko</u>, and held that once an underlying conviction has fully expired, the habeas corpus "in custody" requirement cannot be met when a Petitioner becomes re-incarcerated for violating a collateral consequence of a conviction, such as failure to register as a sex offender.  Specifically, the <u>Davis</u> court held that when a re-incarceration occurs, as a result of failing to register as a sex offender, the resulting sentence is not a continuation of the sex offense sentence, because that sentence has expired, but rather the re-incarceration is pursuant to an entirely separate conviction for failing to register.  Thus, a habeas Petitioner is not "in custody" for purposes of challenging the underlying predicate conviction.

In the Brief in Support of his Objections to the Report and Recommendation (Doc. 29, p. 5), Petitioner argues that:

> Bonser, however, asserts that he meets the "in custody" requirement to challenge his 2006 Monroe County conviction for unlawful contact with a minor, even though that sentence has expired, because he is in prison as a result of his 2013 Pike County conviction for failure to register as a sex offender. Bonser was required to register as a sex offender for the rest of his life as part of his 2006 Monroe County conviction, which he now attacks. Because he failed to register in compliance with that sentence, he was convicted of failure to register in Pike County in 2013. The 2006 Monroe County conviction is a necessary predicate to the 2013 Pike County conviction, therefore, Bonser's imprisonment resulting from the Pike County conviction is sufficient to satisfy the "in custody" requirement necessary to challenge the 2006 Monroe County conviction. This assertion is supported by the Ninth Circuit's decision in *Zichko v. Idaho*, 247 F.3d 1015 (9th Cir. 2001).

In his Objections and Supporting Brief, Petitioner challenges the Magistrate Judge's finding that <u>Zichko</u> is distinguishable from Petitioner's case and argues that the instant case is on point with <u>Zichko</u>.  Petitioner also asserts that the Ninth Circuit's decision in <u>Zichko</u> is more persuasive than the reasoning of the court in

Davis v. Nassau County, 524 F.Supp.2d 182 (E.D.N.Y. 2007).

After reviewing the Petitioner's Objections, in light of the Magistrate Judge's Report and Recommendation, and the cases cited therein, we agree with the Magistrate Judge that the reasoning in Davis v. Nassau County, 524 F.Supp.2d 182 (E.D.N.Y. 2007) should be controlling in this case. We agree with the Davis court that a sex offender registration requirement, including any penalties resulting from failure to comply with that requirement, are collateral consequences of the underlying expired conviction, and therefore, cannot satisfy the "in custody" requirement for purposes of federal habeas review on the underlying conviction. As the Davis court points out, the Supreme Court in Maleng v. Cook, 490 U.S. 488 (1989), found that a habeas petitioner must be "in custody" under the conviction or sentence under attack at the time petition is filed. And, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purpose of a habeas attack upon it. Davis, 524 F.Supp.2d at 187, citing Maleng, 490 U.S. at 490-93. We agree with the Davis court that:

> ... once the conviction has fully expired, the "in custody" requirement cannot be met simply by becoming re-incarcerated for violating some collateral consequence of a conviction, such as failure to register as a sex offender or by possessing a firearm as a convicted felon. When such a re-incarceration occurs as a result of failing to register, the resulting sentence is not a continuation of the sex offence sentence because that sentence has expired, but rather is pursuant to an entirely separate conviction for failure to register.

Davis, 524 F.Supp.2d at 190.

Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge and we will dismiss the Petition for Writ of Habeas Corpus for lack of jurisdiction. An appropriate Order will follow.